**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **GARRET HYATT,** | **CIVIL ACTION NO. 2:24-cv-1141** |
| **Plaintiff,** | |
| | **JUDGE** |
| **V.** | |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | **MAGISTRATE JUDGE** |
| **Defendant.** | |

## NOTICE OF REMOVAL

**NOW COMES** Defendant, The Lincoln National Life Insurance Company ("Lincoln" or "Defendant"), through its undersigned counsel and hereby gives Notice of Removal of Case No. 2024-02668 from the Civil District Court for the Parish of Orleans, State of Louisiana to the United States District Court for the Eastern District of Louisiana.

Pursuant to 28 U.S.C. § 1446, Defendant hereby invokes the jurisdiction of this Court under 28 U.S.C. §§ 1331, 1332 and 1441, and state the following grounds for removal:

## REMOVAL JURISDICTION

This Court has original jurisdiction over this action because it involves claims alleging violations of federal law.

In support of removal, Defendant makes the following showing:

## TIMELINESS OF REMOVAL

1. On March 21, 2024, Plaintiff Garret Hyatt ("Hyatt") commenced a civil action against Defendant by filing a Petition ("Petition") in the Civil District Court for the Parish of Orleans, State of Louisiana, Case No. 2024-02668 (the "State Action").

2. Lincoln was served through the Louisiana Secretary of State on April 16, 2024.

3. Lincoln has not served or filed any answer or responsive pleading to the Petition before the Civil District Court for the Parish of Orleans in this matter.

4. This Notice is filed with this Court within thirty (30) days after Lincoln received a copy of the Petition upon which this action is based, and before any proceedings were had thereupon in the Civil District Court for the Parish of Orleans. This removal is timely pursuant to 28 U.S.C. § 1446(b).

5. In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, documents, and orders which have been filed in the State Action are attached hereto as Exhibit A.

## FEDERAL QUESTION JURISDICTION

6. This action is removed to this Court on the ground that original jurisdiction exists pursuant to 28 U.S.C. § 1331, as this action involves claims that relate to the laws of the United States, specifically, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq. Plaintiff asserts claims for benefits allegedly due under a group life insurance policy ("Policy")[1] issued by Lincoln to Associates Terminals, L.L.C.. ("ATL"). Lincoln issued the Policy pursuant to the ATL Acquisition Corp. Life Benefit Plan ("Plan"), which provides certain benefits to employees of ATL. In his Petition, Plaintiff specifically makes reference to the Policy.[2] However, a copy of the Policy was not attached to Plaintiff's Petition. Accordingly, a true and correct copy of the Policy and the SPD for the Plan are provided as Exhibit "B." The Plan, of which the Policy is a part, is an employee welfare benefits plan as defined by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq. ERISA applies to any "employee benefit plan" if the plan is established or

---

[1] Petition at ¶¶ II, III, VI, VII, IX, and X.

[2] Petition at ¶ IX.

maintained by an employer or employee organization engaged in commerce or in any industry or activity affecting commerce. 29 U.S.C. § 1003. An "employee benefit plan" is defined as an employee welfare benefit plan or an employee pension benefit plan. 29 U.S.C. § 1002(3). A plan is a welfare benefit plan if it "was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . benefits in the event of sickness, accident, disability, death or unemployment." 29 U.S.C. § 1002(1) (references to other types of employer-provided benefits qualifying as ERISA plans omitted) (emphasis added).

7. By the State Action, Plaintiff is seeking to recover long term disability benefits (along with other damages) from a long term disability benefits plan, in which he was an alleged participant by virtue of his employment with a plan sponsor.[3] The benefit plan at issue is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1) of the Employee Retirement Income Security Act ("ERISA"). The benefits sought by Plaintiff in the State Action are sought from an ERISA plan. Therefore, the plan and an action for benefits under the plan are governed by ERISA. The Court's analysis of Plaintiff's causes of action will necessarily require interpretation of this ERISA plan. Because the preemptive force of ERISA is so powerful that it completely displaces any state law cause of action, Plaintiff's causes of action will be "recharacterized" as a federal claim under ERISA. *Metropolitan Life Ins. Co. v. Massachu*setts, 471 U.S. 724 (1985); *Pilot Life Ins. Co. v. Dedeoux*, 481 U.S. 41 (1987); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987). Accordingly, removal to this Court is proper pursuant to 28 U.S.C. § 1441(a) as it is under the original jurisdiction of the Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

[3] Petition at ¶¶ II, III, VI, VII, IX, and X.

## VENUE

Venue of this removal action is proper pursuant to 29 U.S.C. § 1441 inasmuch as the United States District Court for the Eastern District of Louisiana embraces Orleans Parish, State of Louisiana and the Civil District Court for the State of Louisiana, which is the venue where the original state court action was filed.

Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

Contemporaneously with this filing, Defendant is also filing a Notification of Removal with the Civil District Court for the Parish of Orleans as required by 28 U.S.C. §1446(d).

**WHEREFORE**, Defendant hereby removes this action from the Civil District Court for the Parish of Orleans to the United States District Court for the Eastern District of Louisiana.

Respectfully submitted this 3rd day of May 2024.

**PHELPS DUNBAR, LLP**

*/s/ Lindsay Calhoun*
Lindsay Calhoun (Bar #35070)
James H. Gilbert (Bar #36468)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, LA 70130
Telephone: 504-566-1311
Telecopier: 504-568-9130
Email: lindsay.calhoun@phelps.com
Email: james.gilbert@phelps.com

**COUNSEL FOR DEFENDANT, THE LINCOLN NATIONAL LIFE INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

A copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will automatically send email notification to counsel registered for electronic service. A copy of the foregoing was also delivered via electronic mail on this 3rd day of May 2024, to the following:

Patrick G. Kehoe, Jr.
Rebecca Kehoe Thompson
3524 Canal Street
New Orleans, LA 70119
pgkehoejr@kehoejr.com
rkehoethompson@kehoejr.com
***Counsel for Plaintiff***

*/s/ Lindsay Calhoun*