**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **GARRET HYATT,** | **CIVIL ACTION NO. 2:24-cv-1141** |
| **V.** | **JUDGE BRANDON S. LONG** |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY** | **MAGISTRATE JUDGE KAREN WELLS ROBY** |

# MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S PETITION FOR BREACH OF CONTRACT AND SPECIFIC PERFORMANCE

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant The Lincoln National Life Insurance Company ("Lincoln" or "Defendant") files this Memorandum in Support of its Motion to Dismiss Plaintiff's Petition for Breach of Contract and Specific Performance.

## I. GROUNDS FOR THE MOTION AND STATEMENT OF THE ISSUE

Lincoln seeks dismissal of Plaintiff's Petition for Breach of Contract (Doc. 1-1) (the "Petition") pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. Specifically, Plaintiff asserts state law causes of action of breach of contract and arbitrary and capricious claim handling.[1] However, these causes of action are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq., as amended ("ERISA").[2] Additionally, Plaintiff seeks an award of compensatory damages,[3]

1 *See* Petition, at ¶¶ VI and VII.

2 Lincoln does not oppose the Court allowing Plaintiff to file an amended complaint that contains a claim for recovery of benefits under 29 U.S.C. § 1132(a)(1)(B) and removes the state law causes of action.

3 See Petition, WHEREFORE Paragraph.

which is not available under ERISA and should be struck and/or dismissed. Accordingly, the allegations pled in the Petition in support of Plaintiff's claims, even if taken as true,[4] are insufficient to support the relief requested by Plaintiff.

## II.
## ARGUMENT AND AUTHORITIES

### A. THE STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for failure to state a claim upon which relief can be granted.[5] A court should dismiss a claim if it finds that the facts pled do not support a claim for relief, even assuming the allegations as pled are true.[6] Furthermore, in order to avoid dismissal, a party must plead sufficient information to outline the basis of its claim.[7] Plaintiff has failed to meet this burden with regard to the claims he has brought against Lincoln in the Petition, and Plaintiff's Petition must be dismissed.

Plaintiff's Petition directly refers to the disability benefits plan documents that govern the claim for disability benefits. Accordingly, a true and correct copy of Group Disability Income Policy No. GF3-890-455090-01 issued by Lincoln to Plaintiff's employer, Associated Terminals, LLC is attached hereto as Exhibit A. Although Plaintiff did not attach this document to the Petition, reference is made in the Petition to disability benefit policy issued by Defendant.[8] Additionally, Plaintiff's claims are clearly predicated on the policy allegedly issued by

[4] For the purposes of the Motion to Dismiss, the Court must assume the facts alleged by Plaintiff in the Petition to be true. However, Defendant does not admit the truthfulness or accuracy of any factual allegation contained in the Petition by filing this Motion and Brief or by any statement contained therein.

[5] Fed. R. Civ. P. 12(b)(6).

[6] *E.g., Ledesma v. Dillard Dep't Stores, Inc.*, 818 F. Supp. 983, 984 (N.D. Tex. 1993).

[7] *Fernandez-Montez v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (requiring a court to take factual allegations of the complaint as true, but to disregard conclusory allegations or legal conclusions masquerading as factual conclusions); *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994) (holding that, in order to avoid dismissal for failure to state a claim, the Plaintiff must plead specific facts, not more conclusory allegations) (citation omitted).

[8] *See* Petition at ¶ IX.

Defendant. It is well-established that under such circumstances, Defendant may attach this document to the Motion to Dismiss and the Court may properly consider the document in ruling on the Motion to Dismiss without conversion to summary judgment under Rule 56. *Parrino v. FHP, Inc.*, 146 F. 3d 699, 706 (9th Cir. 1998); *Deerbrook Pavilion, LLC, v. Shalala*, 235 F.3d 1100, 1102 (8th Cir. 2000); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); *see also Romani v. Shearson Lehman Hutton*, 929 F.2d 875, 879 n.3 (1st Cir. 1991); *Cortec Industries v. Sun Holding*, 949 F. 2d 42, 48 (2d Cir. 1991); *Pension Benefit Guaranty Corp. v. White Consolidated Industries*, 998 F.2d 1192, 1195 (3rd Cir. 1993), cert. denied, 510 U.S. 1042 (1994); *Weiner v. Klais and Co.*, 108 F.3d 86 (6th Cir. 1997); *Venture Assoc. Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir. 1993); *GFF Corp. v. Assoc. Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997); *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F. 3d 1364, 1369 (11th Cir. 1997). The Eastern District of Louisiana has specifically held that the district court could consider plan documents that a defendant attached to a motion to dismiss, when the plaintiff referenced the plan numerous times in the complaint and the plan documents were central to plaintiff's claims. *Norman v. Life Ins. Co. of N. Am.*, CA 16-17271 at p. 5 (E.D. La. Aug. 16, 2017) (copy attached).

**B. PLAINTIFF'S STATE LAW CAUSES OF ACTION ARE PREEMPTED BY ERISA.**

As this Court is aware, the preemptive force of ERISA is so powerful that the Supreme Court has specifically held that it completely displaces any state law cause of action. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 64 (1987). This presumption of federal law applies even if ERISA provides no remedy for the claim sued upon. *Duggins v. Fluor Daniel, Inc.*, 217 F.3d 317, 318 (5th Cir. 2000); *Cannon v. Group Health Serv. of Okla., Inc.*, 77 F.3d

1270, 1274 (10th Cir. 1996). ERISA preempts all state law claims that "relate to" an ERISA plan regardless of how such claims are pled. *FMC Corp. v. Holiday*, 49 U.S. 52, 58 (1990).

It is evident from the Plaintiff's Petition and from the Policy that the disability plan at issue is an ERISA plan.[9] Further, the only conduct of Lincoln about which Plaintiff complains in the Petition is Lincoln's denial of Plaintiff's disability benefits under the plan and the administration of his claim for benefits under the plan.[10] Therefore, it is clear that the Court must refer to the policy issued to Plaintiff's employer and the relevant plan documents in assessing Plaintiff's state law causes of action. Thus, Plaintiff's causes of action directly "relate to" the disability plan and are preempted. *Epps v. NCNB Texas*, 7 F.3d 44, 45 (5th Cir. 1993) (ERISA preempts claims where the court must refer to the plan to determine the plaintiff's benefits).

Indeed, both the Supreme Court and the Fifth Circuit have held that ERISA preempts the state law causes of action asserted by Plaintiff. *See, e.g., Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47-48 (1987) (breach of contract and fraud causes of action preempted in disability benefits context); *Light v. Blue Cross and Blue Shield of Alabama, Inc.*, 790 F.2d 1247, 1248-49 (5th Cir. 1986) (bad faith and negligent and intentional infliction of emotional distress causes of action preempted); *Metroplex Infusion Care, Inc. v. Lone Star Container Corp.*, 855 F. Supp. 897, 900 (N.D. Tex. 1994); *Hermann Hosp. v. MEBA Medical & Benefit Plan*, F.2d 1286, 1290 (5th Cir. 1988) (fraud and equitable estoppel claims preempted); *Ramirez v. St. Anthony Hotel*, 890 F.2d 760, 763 (5th Cir. 1989) (Texas Deceptive Trade Practices Act and Texas Insurance Code causes

[9] *See* Petition at ¶ IX; Policy, Exhibit "A"; Plaintiff's allegations in the Petition and the Policy clearly establish that the disability benefits sought by Plaintiff are sought from a benefit plan "established or maintained by an employer . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, . . ." 29 U.S.C. § 1002(1); *Memorial Hosp. Sys. V. Northbrook Life Ins. Co.*, 904 F.2d 236 (5th Cir. 1990).

[10] *See* Petition, at ¶¶ III, and VI-VIII.

of action preempted); *Boren v. N.L. Industries, Inc.*, 889 F2d 1464, 1465 (5th Cir. 1989) (Deceptive Trade Practices Act causes of action preempted in disability benefits context).

Additionally, as reflected by the Complaint, Plaintiff's state law causes of action are in the nature of a complaint "asserting improper processing of a claim for benefits under an ERISA-regulated plan" and this cause of action is clearly preempted by ERISA. *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 55-56 (1987) ("all suits brought by beneficiaries asserting improper processing of claims under ERISA-regulated plans [will] be treated as federal questions governed by [ERISA's civil enforcement mechanisms].") ERISA regulates employee benefit plans that "through the purchase of insurance or otherwise," provide medical, surgical, or hospital care, or benefits in the event of sickness, accident, disability, or death." *Pilot Life Ins. Co.,* 481 U.S. at 44. Accordingly, all of Plaintiff's state law causes of action in the Complaint are clearly preempted by ERISA, and this Motion to Dismiss should be granted.

## III.
## REQUEST FOR RELIEF

For the reasons and authorities discussed above, Lincoln respectfully requests the Court dismiss Plaintiff's Petition against it with prejudice, award Lincoln its attorneys' fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), and grant Lincoln any other relief to which it shows itself justly entitled.

Dated this 10th day of May 2024.

Respectfully submitted,

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

*/s/ Iwana Rademaekers*
Iwana Rademaekers (Texas State Bar No. 16452560)
Admitted *Pro Hac Vice*

17304 Preston Road, Suite 800
Dallas, Texas 75252
Telephone: (214) 579-9319
Facsimile: (469) 444-6456
Email: iwana@rademaekerslaw.com

- And -

**PHELPS DUNBAR, LLP**

*/s/ Lindsay Calhoun*
Lindsay Calhoun (Bar #35070)
James H. Gilbert (Bar #36468)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, LA 70130
Telephone: 504-566-1311
Telecopier: 504-568-9130
Email: lindsay.calhoun@phelps.com
Email: james.gilbert@phelps.com

**COUNSEL FOR DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2024, the above and foregoing document was filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the parties.

/s/ *Iwana Rademaekers*
Iwana Rademaekers