# Norman v. Life Ins. Co. of N. Am.

United States District Court for the Eastern District of Louisiana

August 16, 2017, Decided; August 16, 2017, Filed

CIVIL ACTION NO. 16-17271 SECTION "B"(2)

**Reporter**
2017 U.S. Dist. LEXIS 207468 *

RUSTY NORMAN, ET AL VERSUS LIFE INSURANCE COMPANY OF NORTH AMERICA

**Counsel:** [*1] For Weyman Maxon, on behalf of himself and all others similarly situated, Ashlee Ane Norman, daughter and heir to the Estate of Rusty Norman, Decedent, Plaintiffs: Dennis M. O'Bryan, LEAD ATTORNEY, PRO HAC VICE, O'Bryan Baun Karamanian, Birmingham, MI; Philip Bohrer, LEAD ATTORNEY, Bohrer Law Firm, Baton Rouge, LA; George P. Vourvoulias, III, Vourvoulias Law Firm, LLC, New Orleans, LA; Scott Brady, Scott E. Brady, Attorney at Law, Baton Rouge, LA.

For Life Insurance Company of North America, Defendant: Lauren A. Welch, LEAD ATTORNEY, McCranie, Sistrunk, Anzelmo, Hardy (New Orleans), New Orleans, LA; Jeremy Paul Blumenfeld, PRO HAC VICE, Morgan, Lewis & Bockius (Philadelphia), Philadelphia, PA; Peter Nariman Shadzik, PRO HAC VICE, Morgan, Lewis & Bockius, LLP, New York, NY; Stephanie Lynn Sweitzer, PRO HAC VICE, Morgan, Lewis & Bockius (Chicago), Chicago, IL.

**Judges:** Ivan R. Lemelle, SENIOR UNITED STATES DISTRICT JUDGE.

**Opinion by:** Ivan R. Lemelle

## Opinion

### ORDER AND REASONS

### I. NATURE OF MOTION AND RELIEF SOUGHT

Before the court are "Defendant's Motion to Dismiss and Motion to Strike Class Allegations" (Rec. Doc. 26), "Plaintiffs' Response in Opposition to Defendant's Motion to Dismiss and Motion to Strike Class Allegations" [*2] (Rec. Doc. 29) and "Reply Memorandum of Law in Further Support of Defendant Life Insurance Company of North America's Motion to Dismiss and Motion to Strike Class Allegations" (Rec. Doc. 39). For the reasons set forth below, **IT IS ORDERED** the Defendant's Motion to Dismiss is **GRANTED** and Defendant's Motion to Strike Class Allegations is **DISMISSED AS MOOT**.

### II. FACTS AND PROCEDURAL HISTORY

Plaintiffs Rusty Norman, Ashlee Anne Norman[1] and Weyman Maxson bring claims against the Life Insurance Company of North America pursuant to the Employee Retirement Income Security Act of 1974 (ERISA) (Rec. Doc. 24). Rusty Norman and Weyman Maxson brought the instant suit after suffering injuries as seaman. Plaintiffs are seeking to recover the full amount of long term disability benefits that defendant insurance company allegedly improperly reduced (Rec. Doc. 24). Plaintiffs allege that the defendants improperly offset their monthly disability benefits amount because it considered maintenance benefits and

[1] Plaintiff Rusty Norman passed away on December 10, 2016 and Ashlee Ane Norman was substituted as a party.

lump sum settlements under the Jones Act, 46 U.S.C. § 30104 to constitute "other income benefits" under the Plaintiffs' policy.

## III. PARTIES CONTENTIONS

Defendant argues that it did not improperly calculate the Plaintiffs [*3] monthly long term disability benefits. Defendant argues that there are offset provisions that apply to the payments that Plaintiffs received that justify the reduction in the Plaintiffs' disability benefits. Defendant argues that pursuant to the operative policy Plaintiffs offset claims fail as a matter of law. Plaintiffs argue that these provisions do not justify the Defendant's calculations and that they are entitled to recovery under the compensatory regime.

## IV. FACTUAL AND LEGAL FINDINGS

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Such a motion is rarely granted because it is viewed with disfavor. *See* *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982)).

When reviewing a motion to dismiss, courts must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)(quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009))(internal quotation marks omitted). The Supreme Court in *Iqbal* explained that [*4] *Twombly* promulgated a "two-pronged approach" to determine whether a complaint states a plausible claim for relief. *Iqbal*, 129 S.Ct. at 1950. First, courts must identify those pleadings that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* Legal conclusions "must be supported by factual allegations." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949.

Upon identifying the well-pleaded factual allegations, courts "assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." *Id.* at 1950. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The plaintiffs must "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Typically when deciding a Rule 12(b)(6) motion the Court must base its decision on only the complaint. However, when a Plaintiffs claims hinges on the terms of an ERISA plan and it is referred to [*5] numerous times in the complaint, the Court can consider the terms of the plan when evaluating a motion to dismiss under 12(b)(6). *Thomas v. Prudential Ins. Co. of Am.*, Case No.:14-00747, 2015 U.S. Dist. LEXIS 65449, at*5-6 (M.D. La. May 19, 2015). Here, the long term disability policies are referred to in the amended complaint and integral to the Plaintiff's offset claims so this Court will consider them (Rec. Doc. 24).

In the instant controversy an ERISA plan vested the defendant with discretionary authority to construe the plan terms and consequently the defendant's decision will only be reversed if the Plaintiff can

demonstrate the defendant's actions were an abuse of discretion. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S. Ct. 948, 103 L. Ed. 2d 80 (1989) ;( Rec. Doc. 26-3). There is no indication that the Defendant abused its discretion. Furthermore, Plaintiffs' claims fail as their disability offsets were allowed as a matter of law under the policy. In the Amended Complaint Plaintiffs admitted to receiving a lump sum settlement under the Jones Act and maintenance under general federal maritime law (Rec. Doc. 24). These monetary awards justify the Defendant's offset.

The Jones Act provides a cause of action in negligence for any seaman injured during the course of his or her employment. *Chandris, Inc. v. Latsis*, 515 U.S. 347, 354, 115 S. Ct. 2172, 132 L. Ed. 2d 314 (1995). Furthermore, in a Jones [*6] Act claim the term negligence "is given a liberal interpretation that includes any breach of duty that an employer owes to his employees who are seamen." *Metcalfe v. Coastal Towing, L.L.C.*, Case No.:07-8674, 2009 U.S. Dist. LEXIS 16118, at*4 (E.D. La. Feb. 12, 2009). In addition, federal maritime common law allows recovery of "maintenance" and "cure" to cover lost wages, medical costs, food, lodging, and other expenses. *Johnson v. Cenac Towing, Inc.*, 599 F. Supp. 2d 721, 726 (E.D. La. 2009) ("The maritime employer's duty of maintenance and cure, which dates at least to the medieval sea codes, obligates him to pay for the lost wages, medical care, food, lodging, and other incidental expenses of a mariner who falls ill or is injured while in the service of the vessel.") (*internal citation omitted*). "The duty is practically absolute. Unlike an employer's duty under the Jones Act, for example, liability for maintenance and cure is in no sense . . . predicated on the fault or negligence of the shipowner." *Id.* (*ellipses in original; internal quotations and citations omitted*). Maintenance is a federal maritime claim that does not require proof of negligence and is similar to workers' compensation. *Abogado v. International Marine Carriers*, 890 F. Supp. 626, 630(N.D. Tex. June 20, 1995).

Under the Plaintiffs' policy it states that they would receive an offset for any "other income benefits" and this provision includes "any local, state, provincial or federal [*7] government disability or retirement plan or law payable for injury or sickness provided as a result of employment with the Employer." (Rec. Doc. 26-3). The Jones Act and federal maritime law fall within that disability offset as they are compensatory schemes that relate to claims that arise from employment injuries. Plaintiffs allege that these insurance provisions are ambiguous and that because seaman are wards of admiralty there should be statutory construction in favor of seaman. *Karim v. Finch Shipping Co.*, 374 F.3d 302, 311 (5th Cir. 2004). There is no indication that Karim applies to an ERISA context. Furthermore, this Court does not find that there is a contractual ambiguity in the policy provisions that would justify this approach. For example, under Louisiana contract law, "[w]hen the words of a contract are clear and explicit and lead to not absurd consequences, no further interpretation may be made in search of the parties' intent." La Civ. Code. Art. 2046. Similarly, the term "other income" is defined clearly and explicitly in the Plaintiff's insurance policy. There is no showing of ambiguity in the document. Plaintiffs claim fail as a matter of law as the insurance policy and the law of this circuit allow the Defendants to offset Plaintiffs' long term [*8] disability payments given the provisions of their policy and the allegations made in their complaint.

## V. CONCLUSION

For the reasons set forth above, **IT IS ORDERED** the Defendant's Motion to Dismiss is **GRANTED** and Defendant's Motion to Strike Class Allegations is **DISMISSED AS MOOT**.

New Orleans, Louisiana, this 16th day of August, 2017.

/s/ Ivan R. Lemelle

SENIOR UNITED STATES DISTRICT JUDGE

---

End of Document