UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GARRET HYATT | * | NO. 2:24-CV-1141 |
| | * | |
| Plaintiff | * | JUDGE: BRANDON S. LONG |
| | * | |
| VERSUS | * | MAG. JUDGE: KAREN WELLS ROBY |
| | * | |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| Defendants | * | |

*************************************************************************

**FIRST SUPPLEMENTAL AND AMENDING COMPLAINT FOR DAMAGES**

The Supplemental and Amending Complaint for Damages of Plaintiff, **Garrett Hyatt**, in the above entitled and numbered case is filed pursuant to F.R.C.P. 15(a)(1)(B) and respectfully represents that he desires to amend his Petition in the following respects:

1.

By amending Paragraph II to read as follows:

*II.*

*Plaintiff, Garret Hyatt, is an insured and entitled to long-term disability benefits in the amount of $3,601.70 per month under policy #000010265767670000. Plaintiff's cause of action is proper pursuant to 29 U.S.C § 1132(a)(1)(B), which provides that a civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan. Plaintiff also seeks attorneys' fees associated with bringing this action.*

2.

By amending Paragraph VI to read as follows:

VI.

*That Plaintiff has a claim pursuant to 29 U.S.C § 1132(a)(1)(B) against Defendant,* ***THE LINCOLN NATIONAL LIFE INSURANCE COMPANY****, for failing to pay his long-term disability benefits for the following reasons, including but not limited to, the following:*

*A. Defendant, Lincoln, received notification that Plaintiff was employed as a crew boat captain via documentation from Plaintiff's employer, Turn Services, LLC.*

*B. That the physical requirements of a crew boat captain include but are not limited to:*

- *Lift at least 65lbs from floor to knuckle level on a daily basis.*
- *Lift at least 65lbs from floor to waist on a daily basis.*
- *Lift at least 30lbs from floor to shoulder level on a daily basis.*
- *Lift and carry at least 30lbs with two hands at waist level for a minimum distance of 30 feet on level surface.*
- *Physically pull or assist pulling 200-300lbs man from the water.*
- *Climb ladders, stairwells and push knees.*
- *Other physical activities that violate doctors' orders described below.*

*C. That Plaintiff has undergone two major shoulder surgeries for injuries to his left shoulder sustained in an accident while climbing a ladder on February 28, 2022.*

*D. That plaintiff's treating physician, Dr. Timothy Finney, has placed permanent functional restrictions for Plaintiff's future employment which include restriction from engaging in any employment that requires him to push, pull or carry over 20lbs and climb/crawl using his left shoulder.*

3.

By amending Paragraph VII to read as follows:

*VII.*

*Dr. Finney's reports of November 29, 2023, February 28, 2024, and March 11, 2024, among others, have been provided to Defendant, Lincoln, detailing the medical reasons why Plaintiff is unable to work as a crew boat captain. Plaintiff is entitled to recover the benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, and to enforce the future benefits under the terms of the plan. Defendant ceased Plaintiff's disability benefits in violation of the terms of his plan. Plaintiff's return to work would violate permanent restrictions placed on him by his treating physician, Dr. Timothy Finney, and would greatly exacerbate his shoulder condition. Specifically, Dr. Finney has determined that petitioner is permanently restricted from engaging in any employment that requires him to push, pull or carry over 20 pounds and climb/crawl using his left shoulder. These permanent restrictions have been provided to Defendant.*

4.

By adding paragraph XI to read as follows:

*XI.*

*Defendant forwarded all medical information and reports to its vocational rehabilitation/occupational analysis expert who determined that Plaintiff was unable to work as a crew boat captain but could return to work as a captain of a cargo ship and other ships as detailed in Defendant's vocational rehabilitation/occupational analysis report.*

5.

By adding paragraph XII to read as follows:

*XII.*

*It is undisputed that Plaintiff does not have an unlimited tonnage license which includes experiential and educational qualifications to captain a cargo ship and any other ship detailed in Defendant's vocational/occupational analysis report.*

6.

By adding paragraph XIII to read as follows*:*

*XIII.*

*Plaintiff provided to Defendant a report by vocational rehabilitation expert, Dr. Aaron Wolfson, which indicated that Plaintiff is unable to captain a cargo ship, or any other ship detailed by Defendant, Lincoln's, vocational/occupational expert, because:*

- *Mr. Hyatt is unable to pass the United States Coast Guard physical exam due to restrictions provided by Dr. Finney.*
- *Mr. Hyatt does not have the educational attainment to pass the licensing examination to captain a cargo ship.*
- *Mr. Hyatt is therefore precluded from obtaining employment as a Master, Ship pilot, even though it is considered light in physical demand level according to the U.S. Department of Labor's Dictionary of Occupational Titles. As the denial letter from the Lincoln Financial Group stated, "there are jobs within occupations that occasionally have higher or lower physical demands than the occupation, […] as it appears this is the case in this claim."*

7.

By adding paragraph XIV to read as follows*:*

*XIV.*

*Specifically, vocational rehabilitation expert, Dr. Aaron Wolfson, indicated that Plaintiff is unable to return to his job as a crew boat captain because:*

- *Mr. Hyatt underwent a WorkSaver Comprehensive Post-Offer Pre-Placement evaluation on 8/29/2018 (prepared for Turn Services). Mr. Hyatt underwent a physical examination by Marc Cavalino, PT. He was negative for the "empty can test," which means rotator cuff integrity. He was also tested for safe lifting capacities (SLC) including the ability to perform a progressive floor to waist lift (two repetitions) in which he had to life 65 pounds; and a progressive floor to shoulder height lift (two repetitions) in which he had to life 30 pounds. He was tested on his ability to carry and lift 30 pounds with two hands at waist level for 20 feet; and climb up and down 24 rungs of a ladder. Mr. Hyatt underwent the same testing requirements during a fit for duty evaluation on 12/02/2020, also performed by Marc Cavalino, PT. These pre-employment evaluations suggest that the physical demands required for employment as a crew boat captain exceed the light in physical demands level under the U.S. Department of Labor's Dictionary of Occupational Titles.*

8.

By adding paragraph XV to read as follows*:*

*XV.*

*The policy of insurance at issue specifically states that disability benefits will be paid for the following reasons:*

- *"[T]hat due to an injury or sickness the insured employee is unable to perform each of the main duties of his or her own occupation."*

*In addition to the above functional restrictions preventing Plaintiff from engaging in the main duties of a crew boat captain, Plaintiff has lost his license to captain a crew boat as he is no longer able to pass a United States Coast Guard physical and therefore, cannot perform the main duties of his occupation.*

9.

By adding paragraph XVI to read as follows*:*

*XVI.*

*This court has jurisdiction over this claim in that Plaintiff has exhausted two administrative appeals with the defendant and in each instance the defendant has refused to reinstate Plaintiff's disability benefits, including payment of past disability benefits since the termination of these benefits in November of 2023, notwithstanding the functional restrictions placed on him by his treating physician, Dr. Timonthy Finney. Defendant has been supplied with Dr. Finney's most recent report of March 11, 2024, which indicates that Plaintiff is still unable to work and more specifically, that x-ray findings show "some degenerative changes at the glenohumeral joint with some narrowing not quite bone on bone." Dr. Finney also stated that Plaintiff would be at risk for another shoulder dislocation if he has to climb ladders.*

10.

By adding paragraph XVII to read as follows*:*

*XVII.*

*Given the physical exam, results of the x-ray, and the two major shoulder surgeries Plaintiff underwent, adherence to the permanent functional restrictions placed on Plaintiff by Dr. Finney is the best medical course of action to prevent Plaintiff's condition from worsening*

*and adherence to the permanent functional restrictions will ensure that Plaintiff's condition does not result in "bone on bone."*

11.

By adding paragraph XVIII to read as follows*:*

*XVIII.*

*Alternatively, if this Honorable Court finds that state law does apply and that the policy provision, which states that the policy is subject to the jurisdiction of the state of Louisiana, does apply, then Plaintiff requests penalties under La. R.S. 22:1821, including attorneys' fees.*

12.

By adding paragraph XIX to read as follows*:*

*XIX.*

*Plaintiff reavers and realleges the allegations in paragraphs I, III, IV, V, VIII, IX, and X which are contained in his original petition for damages as if copied herein extenso.*

13.

By amending the WHEREFORE paragraph to read as follows:

*WHEREFORE, petitioner,* ***GARRET HYATT****, prays that the defendant,* ***THE LINCOLN NATIONAL LIFE INSURANCE COMPANY****, be duly cited and served with a copy of the petition for damages and that after due proceedings are had that there be judgment herein in his favor and against the defendant,* ***THE LINCOLN NATIONAL LIFE INSURANCE COMPANY****, jointly, severally and in solido, with reinstatement of Plaintiff's benefits under the plan, reasonable attorney fees, double damages pursuant to La. R.S. 22:1821), a judgment confirming that petitioner, cannot engage in employment that would violate his treating physician's, Dr. Timothy Finney, explicit functional restrictions, and in addition to legal interest thereon from date of judicial demand until paid, and all costs of these proceedings.*

Respectfully submitted,

/s/ Patrick G. Kehoe, Jr.
PATRICK G. KEHOE, JR. (#14419)
REBECCA KEHOE THOMPSON (#37746)
3524 Canal Street
New Orleans, Louisiana 70119
Telephone: (504) 588-1110
Facsimile: (504) 588-1954
Email: pgkehoejr@kehoejr.com
rkehoethompson@kehoejr.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading was filed this 17th day of May, 2024, electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system. Further, notice of this filing will be sent to the following via United States mail, properly addressed, first-class postage prepaid:

The Lincoln National Life Insurance Company
Through its Agent for Service of Process
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809

/s/ Patrick G. Kehoe, Jr.
PATRICK G. KEHOE, JR.