Lincoln Financial Group®

Lincoln Financial Group is the marketing name for Lincoln National Corporation and its affiliates.

**The Lincoln National Life Insurance Company**
Service Office:
8801 Indian Hills Drive
Omaha, NE 68114-4066
Toll free (800) 423-2765
Toll free Fax (877) 843-3950
www.LincolnFinancial.com

January 3, 2024

PATRICK G. KEHOE JR.
ATTN PATRICK G. KEHOE ATTORNEY
3524 CANAL ST.
NEW ORLEANS, LA 70119

Re: Policyholder: Associated Terminals, L.L.C.
Policy Number: 000010265767OOOOO
Claim Number: 1220064300
Claimant: Garret Hyatt

Dear PATRICK G. KEHOE ATTORNEY:

We have completed our review of your client's Long Term Disability appeal. Based on the information provided, we have determined that we are unable to approve benefits beyond 11/09/2023. In our appeal review process, all information previously submitted as well as any new documentation was used to make a determination.

To be eligible for benefits under the policy issued to Associated Terminals, L.L.C., an individual must satisfy all of the provisions of the policy. This includes, but is not limited to, the following:

> **TOTAL DISABILITY** or **TOTALLY DISABLED** will be defined as follows:
> 1. During the Elimination Period and Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the Main Duties of his or her Own Occupation.
> 2. After the Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to engage in each of the Main Duties of any occupation:
> a. for which he or she becomes qualified by reason of training, education or experience; and
> b. which provides more than 80% of his or her former earning capacity prior to the disability.
>
> The loss of a professional license, an occupational license or certification, or a driver's license for any reason does **not**, by itself, constitute Total Disability.

©2024 Lincoln National Corporation www.LincolnFinancial.com
Lincoln Financial Group is the marketing name for Lincoln National Corporation and its affiliates.
Affiliates are separately responsible for their own financial and contractual obligations.

EXHIBIT
8 in globo

**MAIN DUTIES** or **MATERIAL AND SUBSTANTIAL DUTIES** means those job tasks that:

1. are normally required to perform the Insured Employee's Own Occupation; and
2. could not reasonably be modified or omitted.

To determine whether a job task could reasonably be modified or omitted, the Company will apply the Americans with Disabilities Act's standards concerning reasonable accommodation. It will apply the Act's standards, whether or not:

1. the Employer is subject to the Act; or
2. the Insured Employee has requested such a job accommodation.

An Employer's failure to modify or omit other job tasks does **not** render the Insured Employee unable to perform the Main Duties of the job.

Main Duties include those job tasks:

1. as described in the U.S. Department of Labor Dictionary of Occupational Titles; and
2. as performed in the general labor market and national economy.

Main Duties are **not** limited to those specific job tasks as performed for a certain firm or at a certain work site.

**OWN OCCUPATION or REGULAR OCCUPATION** means the occupation, trade or profession:

1. in which the Insured Employee was employed with the Employer prior to Disability; and
2. which was his or her main source of earned income prior to Disability.

It means a collective description of related jobs, as defined by the U.S. Department of Labor Dictionary of Occupational Titles. It includes any work in the same occupation for pay or profit, regardless of:

1. whether such work is with the Employer, with some other firm, or on a self-employed basis; or
2. whether a suitable opening is currently available with the Employer or in the local labor market.

**OTHER INCOME BENEFITS** means benefits, awards, settlements or Earnings from the following sources. These amounts will be offset, in determining the amount of the Insured Employee's Monthly Benefit. Except for Retirement Benefits and Earnings, these amounts must result from the same Disability for which a Monthly Benefit is payable under Policy.

**Workers' Compensation.** Any benefits for which the Insured Employee is eligible under a law that compensates for job related Injury or Sickness. This includes:

1. any Workers' Compensation or occupational disease law;
2. the Jones Act;
3. the Longshoreman's and Harbor Worker's Act;
4. the Maritime Doctrine of Maintenance, Wages or Cure; or
5. any plan provided in place of one of the above plans.

**Other Compulsory Benefits.** Any disability income benefits the Insured Employee is eligible to receive under any other compulsory benefit act or law. This includes (but is not limited to):

1. state temporary disability income benefit laws;
2. state no fault auto insurance laws; or

any other compulsory benefit act or law.

Based on information obtained from your client's employer, occupational information contained within the *Dictionary of Occupational Titles* (DOT), and evaluation from vocational professionals, we have determined that your client's occupation as a Master/Relief Captain/Pilot is best defined as a Master, Ship in the national workforce. The material and substantial duties of a Master, Ship include but are not limited to the following:

- Commands ship to transport passengers, freight, and other cargo across oceans, bays, lakes, and in coastal waters.

Regarding physical capacity, a Master, Ship in the national workforce is a Light physical capacity occupation. The definition of Light work is Light work requires walking/standing to a significant degree. In certain occupations it requires sitting most of the time but entails pushing/pulling of arm or leg controls; and/or when the job requires working at a production rate pace entailing the constant pushing/pulling of materials even though the weight of those materials is negligible. Light work may require exertion up to 20 lbs. occasionally (1-33%), exertion up to 10 lbs. frequently (34-66%) and a negligible degree of exertion constantly (67-100%).

Note: The employer requirements of the job are more than the national requirements of the occupation. The occupation is most often performed at the LIGHT level in the National Economy, per the DOT of Master Ship *[DOT 197.167-010].*

A Vocational Rehabilitation review has also noted that there are jobs within occupations that occasionally have higher or lower physical demands than the occupation. It appears this is the case in this claim. The Insured appears to be a Master/ Relief Captain/ Pilot. This would crosswalk to Master, Ship which is what was identified in the prior Occupational Analysis (OA). In addition, you sent in a physical job demands worksheet with a title on it of Merchant Mariner. In OASYS/SkillTran, this is an alternate title to the exact DOT that was chosen - Master, Ship. Therefore, the OA file does not change.

In order to be considered Totally Disabled, the medical evidence must support that your client would be unable to perform each of the main duties of your client's regular occupation. As such, in considering your client's eligibility for Long Term Disability benefits beyond 11/09/2023, we evaluated whether your client would be restricted or limited from performing the main duties of your client's occupation as listed above.

Your client's entire file was reviewed upon appeal. Disability must be supported from 11/09/2023 forward, which was the focus of our determination.

**Summary of Initial Claim Filing**

Your client's initial claim forms state that your client was unable to continue working in your client's own occupation beyond 02/27/2022 due to superior glenoid labrum lesion.

Benefits were approved from 05/29/2022 to 11/09/2023. Benefits were not approved beyond 11/09/2023 after we completed our evaluation of the information in the claim file. Our evaluation included review of the medical documentation, including consultation with and/or review of a written report from an independent physician who is Board Certified in orthopedic Surgery. Our evaluation determined the medical records did not support restrictions and limitations that would render your client unable to perform the main duties of their occupation beyond 11/09/2023. For complete details please refer to our letter dated 11/09/2023.

**Summary of Appeal**

On 11/16/2023, your client filed an appeal in response to our determination to terminate benefits. Additional information was submitted with your client's appeal, including an Ability form signed by Dr Finney 10/04/2023 indicating no reaching above the left shoulder.

For details of the medical records that were reviewed and the determination of your client's restrictions and limitations, please refer to the report that was sent to you on 12/11/2023. The report was sent to you to afford an opportunity for you or your client's treating physician to respond or rebuttal. A response was due by 01/02/2024.

We are in receipt of the response letter you submitted 12/12/2023, with a letter dated 11/29/2023 by Dr Finney, responding to the previous peer review by Dr Richard Avioli, Orthopedic Surgeon, performed in October 2023. The opinion of Dr. Finney was considered; however, the information received did not contain any new physical examination findings, labs or diagnostic testing to change the conclusion of the medical review.

**Appeal Decision**

We understand that your client has been diagnosed with superior glenoid labrum lesion. However, our review of the medical documentation, which included consultation with and/or review of a written report from a health care consultant, as well as a review of any restrictions or limitations that were identified during our review process, determined the medical records do not support restrictions and limitations that would render your client was unable to perform the main duties of your client's own occupation beyond 11/09/2023.

Review of the records has found that the current clinical review agrees with the prior Orthopedic Surgeon peer review of 10/28/2023. Although your client's treating provider, Dr. Finney completed an Ability Form dated 10/04/2023, the peer review on claim level concluded that available medical records do not support impairment of left shoulder from 06/05/2023 forward. As noted, exam findings from Dr. Finney do not document restricted range of motion, weakness of shoulder/extremity, weakness of rotator cuff, instability, or pain with range of motion. The conclusion of the peer review by Dr. Avioli dated 10/28/2023 is reasonable and remains supportive. Medical records do not support an impairment with restrictions/limitations, including no restrictions/limitations with your client's left shoulder or upper extremity, from 11/09/2023 and forward.

In regard to your concern about the offset of the Workers Comp/Jones Act, the information is identified in the contract and listed in the definitions on page two under "Other Income Benefits" and Workers' Compensation" Although your client's maintenance benefit is under the Jones Act, his maintenance benefit does fall under the "Other Income" section and is considered an offset. For this reason, the offset will remain and not reimbursed.

We evaluated this claim by applying the provisions of the policy to the facts and opinions contained in the claim file. Other than what is set out in the policy, we did not rely upon any guidelines, internal rules, protocols, standards or other similar criteria in reaching this claim determination.

**Appeal Rights**

As a reminder, your client has exhausted their first level of appeal. If your client disagrees with this decision, you, your client, or a person legally authorized as your client's representative, may pursue a final administrative appeal.

To initiate this process please have your client or an authorized representative submit a written request for review to the following address within 180 days after you receive this denial notice.

Claims Shared Services
The Lincoln National Life Insurance Company
PO Box 2337
Omaha, NE 68103
Fax: 402-361-1460

The following should be included with the appeal letter:

1. The policy number and claim number;
2. The reason(s) for appealing; and
3. If applicable, any additional documentation to support the appeal, such as medical treatment records, laboratory results, x-rays or other testing results.

Following receipt of your client's appeal, we will review the claim and provide you or your client with a full written explanation of the decision within 45 days. You or your client may also request copies of records and other information relevant to the claim free of charge.

If your client's plan is subject to ERISA, he or she may have other voluntary alternative dispute resolution options, such as mediation. One way to find out what may be available is to contact your client's local U.S. Department of Labor Office or your client's state insurance regulatory agency. In addition, once all required reviews of your client's claim have been completed, your client has the right to bring a civil action under applicable law.

The employer's plan has a contractual limitations period of three years, which means that a lawsuit must be brought within three years after the date written proof of claim or proof of continued disability was required. The date on which the contractual limitations period expires for this claim is 11/09/2026.

Please contact me directly at the number below with any questions you may have or email us at LFGAppeals@lfg.com.

Sincerely,

Susan McShane
800-423-2765 *2769
Specialist, Appeals Claims
Appeals Department – Claims Solutions Shared Services
The Lincoln National Life Insurance Company