**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **GARRET HYATT,** | **CIVIL ACTION NO. 2:24-cv-1141** |
| **V.** | **JUDGE BRANDON S. LONG** |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY** | **MAGISTRATE JUDGE KAREN WELLS ROBY** |

**DEFENDANT'S REPLY REGARDING ITS MOTION TO DISMISS PLAINTIFF'S PETITION FOR BREACH OF CONTRACT AND SPECIFIC PERFORMANCE**

Defendant The Lincoln National Life Insurance Company ("Lincoln") filed its Motion to Dismiss (Document 7) on May 10, 2024, moving to dismiss Plaintiff's Petition for Breach of Contract and Specific Performance ("Original Petition") (Document 1-1). Plaintiff filed his Response (Document 11) on May 17, 2024. However, on that same date, Plaintiff also filed his First Supplemental and Amending Complaint for Damages ("Amended Complaint") (Document 9).

In the Amended Complaint, Plaintiff adds additional factual allegations and also specifically brings a claim under ERISA, specifically, 29 U.S.C § 1132(a)(1)(B) (Amended Complaint at Sections 1 and 2, amending Paragraphs II and VI of the Original Petition). Accordingly, Plaintiff is conceding the application of ERISA to his claims against Lincoln. However, despite Plaintiff's admission that ERISA applies to his claims, Plaintiff asserts in his Response to Lincoln's Motion to Dismiss that Lincoln has waived the application of ERISA. Plaintiff bases his argument on the following language in the policy Lincoln issued to Plaintiff's employer, "This Policy is delivered in the state of Louisiana and subject to the laws of that jurisdiction." It is well established that ERISA preempts state laws if the state law addresses an

area of exclusively federal concern, such as the right to receive benefits under the terms of an ERISA plan and the claim directly affects the relationships among traditional ERISA entities. *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 431 (5th Cir. 2004). For example, the Supreme Court has determined that California's notice prejudice rule is not preempted by ERISA. *UNUM Life Insurance Company v. Ward*, 526 U.S. 358, 364 (1999). Accordingly, for a policy to contain a statement regarding the governing jurisdiction for the policy is for those purposes and does not constitute any sort of waiver of ERISA preemption.

Moreover, the Amended Complaint added nine new paragraphs to the Petition and amended three of the original ten paragraphs in the Petition. These extensive modifications clearly result in significant confusion and detract from the efficient resolution of the issues. Accordingly, Lincoln's Motion to Dismiss is now moot as the Original Petition, the subject of Lincoln's Motion to Dismiss, is no longer a live pleading by virtue of the filing of the Amended Complaint. *Delancey v. Ochsner Found. Clinic*, 2023 U.S. Dist. LEXIS 57835, CA 22-4647 (E.D. La. Apr. 3, 2023) (copy attached). Lincoln will timely file a responsive pleading to the Amended Complaint.

Dated this 27th day of May 2024.

Respectfully submitted,

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

*/s/ Iwana Rademaekers*
Iwana Rademaekers (Texas State Bar No. 16452560)
Admitted *Pro Hac Vice*
17304 Preston Road, Suite 800
Dallas, Texas 75252
Telephone: (214) 579-9319
Facsimile: (469) 444-6456
Email: iwana@rademaekerslaw.com

- And -

**PHELPS DUNBAR, LLP**

*/s/ Lindsay Calhoun*
Lindsay Calhoun (Bar #35070)
James H. Gilbert (Bar #36468)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, LA 70130
Telephone: 504-566-1311
Telecopier: 504-568-9130
Email: lindsay.calhoun@phelps.com
Email: james.gilbert@phelps.com

**COUNSEL FOR DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2024, the above and foregoing document was filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the parties.

/s/ *Iwana Rademaekers*
Iwana Rademaekers