**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **GARRETT HYATT** | **CIVIL ACTION NO. 2:24-cv-1141** |
| **V.** | **JUDGE BRANDON S. LONG** |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY** | **MAGISTRATE JUDGE KAREN WELLS ROBY** |

**ANSWER TO PLAINTIFF'S FIRST SUPPLEMENTAL AND AMENDING COMPLAINT FOR DAMAGES**

Defendant The Lincoln National Life Insurance Company ("Defendant" or "Lincoln") files this Answer to Plaintiff's First Supplemental and Amending Complaint for Damages (the "Amended Complaint") filed by Plaintiff Garrett Hyatt ("Plaintiff"), and states as follows:

I. Lincoln admits it is an Indiana Corporation and that it is lawfully authorized to do business in Louisiana. Lincoln denies all remaining allegations contained in Paragraph I of the Amended Complaint.

II. Lincoln admits that Associated Terminals, L.L.C. ("Associated Terminals") sponsored the Associated Terminals, L.L.C. Group Long-Term Disability Income Plan (the "LTD Plan") to provide long term disability benefits to participating, eligible employees of Associated Terminals and its Affiliates, including Turn Services, LLC ("Turn Services"). Lincoln admits that the LTD Plan is an employee benefit plan as defined by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Lincoln admits that benefits from the LTD Plan were, at certain times, insured, at least in part, by Group Disability Income Policy Number 000010265767 (the "Policy") issued by Lincoln to Associated Terminals and that Plaintiff was, at certain times, employed by Turn Services, and was, at certain times, a participant in the LTD Plan. Lincoln

admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan pursuant to 29 U.S.C § 1132(a)(1)(B), along with attorney's fees, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph II of the Amended Complaint.

III. Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan. To the extent that the allegations contained in Paragraph III seek to interpret the provisions of the Policy or documents governing the LTD Plan, Lincoln refers to the Policy and the documents governing the LTD Plan as the best evidence of their contents. Lincoln admits it sent letters to Plaintiff dated November 9, 2023, and to Plaintiff's counsel dated January 3, 2024, and February 28, 2024, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph III of the Amended Complaint.

IV. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan pursuant to 29 U.S.C § 1132(a)(1)(B), but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln admits that Plaintiff was, at certain times, employed by Turn Services as a Master/Relief Captain/Pilot. Lincoln admits that certain documents concerning Plaintiff's job description at Turn Services are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph IV of the Amended Complaint.

V. Lincoln admits Plaintiff's last day at work at Turn Services was February 27, 2022. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph V of the Amended Complaint.

VI. Lincoln denies the allegations contained in Paragraph VI of the Amended Complaint.

VII. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan pursuant to 29 U.S.C § 1132(a)(1)(B), but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln admits it sent letters to Plaintiff dated November 9, 2023, and to Plaintiff's counsel dated January 3, 2024, and February 28, 2024, and Lincoln refers to the letters themselves as the best evidence of their contents. To the extent that the allegations contained in Paragraph VII seek to interpret the provisions of the Policy or documents governing the LTD Plan, Lincoln refers to the Policy and the documents governing the LTD Plan as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph VII of the Amended Complaint.

VIII. Lincoln admits it sent letters to Plaintiff dated November 9, 2023, and to Plaintiff's counsel dated January 3, 2024, and February 28, 2024, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln further admits only that its decisions on Plaintiff's

claim for long term disability benefits were based on the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln denies all remaining allegations contained in Paragraph VIII of the Amended Complaint.

IX. Lincoln denies the allegations contained in Paragraph IX of the Amended Complaint.

X. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan pursuant to 29 U.S.C § 1132(a)(1)(B), but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph X of the Amended Complaint.

XI. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that occupational analysis/vocational reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph XI of the Amended Complaint.

XII. Lincoln admits that occupational analysis/vocational reviews and documents containing information concerning Plaintiff's own job at Turn Services and own occupation are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself

as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph XII of the Amended Complaint.

XIII. Lincoln admits that occupational analysis/vocational reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph XIII of the Amended Complaint.

XIV. Lincoln admits that occupational analysis/vocational reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph XIV of the Amended Complaint.

XV. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that certain documents concerning Plaintiff's own job at Turn Services and own occupation are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits the Policy includes language pertaining to the definition of "Totally Disabled" or "Total Disability" as applicable to a participant's claim for benefits from the LTD Plan, and Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph XV of the Amended Complaint.

XVI. Lincoln admits the Court has jurisdiction over this action under ERISA. Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim for benefits from the LTD Plan during the administrative process. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph XVI of the Amended Complaint.

XVII. Paragraph XVII of the Amended Complaint does not contain any allegations to which Lincoln must respond, as it only states Plaintiff's opinion as to the "best medical course of action." To the extent that a response is required, Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph XVII of the Amended Complaint.

XVIII. Paragraph XVIII of the Amended Complaint is the subject of Lincoln's Motion to Partially Dismiss, which is filed contemporaneously with this Answer.

XIX. Paragraph XIX of the Amended Complaint does not contain any allegations to which Lincon must respond, as it only incorporates paragraphs from Plaintiff's original Petition for Damages that were not spelled out in the Amended Complaint, and Lincoln has already responded to each of those allegations individually above. To the extent a response is required, Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs I, III, IV, V, VIII, IX, and X above as though fully set forth in response to Paragraph XIX of the Amended Complaint.

XX. Lincoln denies all allegations contained in the WHEREFORE Paragraph of the Amended Complaint and denies Plaintiff is entitled to the relief sought in the Prayer of the Amended Complaint.

Lincoln denies all allegations contained in the Amended Complaint not specifically admitted herein.

## **AFFIRMATIVE DEFENSES**

In addition to the foregoing admissions and denials, Lincoln asserts the following affirmative defenses:

### **FIRST DEFENSE**

To the extent the Amended Complaint seeks extra-contractual or "make whole" damages in addition to the benefits allegedly due and attorneys' fees and costs as provided by ERISA, no such relief is available to Plaintiff as a matter of law.

### **SECOND DEFENSE**

The Policy, and the plan document(s) at issue vested Lincoln with the sole discretion to make benefit and eligibility determinations under the LTD Plan, and thus, the decision with regard to Plaintiff must be reviewed under the abuse of discretion standard of review and Lincoln's

determination relative to Plaintiff's claims was not an abuse of discretion and was not arbitrary, capricious, or unreasonable.

**THIRD DEFENSE**

Some or all of the claims asserted or relief sought by Plaintiff in the Amended Complaint are barred by the doctrines of laches, waiver, estoppel, unclean hands, and/or failure to fulfill conditions precedent under the terms of the applicable plans because of Plaintiff's failure to submit all relevant documents in support of Plaintiff's claim and appeals and/or failure to comply with the provisions of the documents governing the LTD Plan.

**FOURTH DEFENSE**

Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy and the documents governing the LTD Plan, which requires offset and/or repayment of any award of other earnings or benefits, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

**FIFTH DEFENSE**

Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

**SIXTH DEFENSE**

Based on the appropriateness of the denial and the lack of any improper conduct by Lincoln, Lincoln requests that the Court order its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g) of ERISA.

**SEVENTH DEFENSE**

The claim raised by Plaintiff in this action is preempted by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Lincoln denies any implication that it violated Plaintiff's rights under ERISA or any other statute, law, regulation, or common law, or that Plaintiff is entitled to any benefits other than what Plaintiff already may have received. Plaintiff's claims are barred because any purported or actual actions taken regarding Plaintiff were based according to the clear language of the governing ERISA plan documents.

**EIGHTH DEFENSE**

To the extent Plaintiff alleges or seeks to allege state law claims, they are preempted by ERISA. Further, Plaintiff may not recover damages under state law in this action. Plaintiff's remedies, if any, are limited to the exclusive remedies available under the civil enforcement provisions of ERISA.

**NINTH DEFENSE**

At all times material to the Amended Complaint, Lincoln acted in good faith and in compliance with the terms and conditions of the LTD Plan and discharged its duties with respect to the LTD Plan in the interest of the participants and beneficiaries.

**TENTH DEFENSE**

A claimant's entitlement to future ERISA benefits under the terms of the LTD Plan is subject to an ongoing requirement for continued proof of disability throughout the period of disability. Accordingly, Plaintiff cannot obtain a determination from this Court that he is entitled to indefinite future benefits. Plaintiff must continue to satisfy the terms of the LTD Plan.

**TWELVTH DEFENSE**

Plaintiff's claims are barred to the extent the Amended Complaint was not filed within the Policy or statutory limitations period.

**THIRTEENTH DEFENSE**

Lincoln specifically reserves its rights under Rules 13, 14, and 15 of the Federal Rules of Civil Procedure, including the right to amend this Answer to the extent necessary, and to file any counterclaim or crossclaim as facts are investigated and developed.

**PRAYER**

WHEREFORE, having fully answered the Amended Complaint, Lincoln prays that this Court:

(1) Enters Judgment in its favor and dismiss Plaintiff's Complaint in its entirety, with prejudice;

(2) Denies each and every demand and prayer for relief contained in Plaintiff's Complaint;

(3) Awards Lincoln its reasonable attorneys' fee and costs pursuant to 29 U.S.C. § 1132(g); and

(4) Awards Lincoln such other and further relief as the Court deems just and proper.

Respectfully submitted this 31st day of May 2024.

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

*/s/ Iwana Rademaekers*
Iwana Rademaekers (Texas State Bar No. 16452560)
Admitted *Pro Hac Vice*
Email: iwana@rademaekerslaw.com

17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456

-AND-

**PHELPS DUNBAR, LLP**

*/s/ Lindsay Calhoun*
Lindsay Calhoun (Bar #35070)
Keiran S. McCluskie (Bar # 40874)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, LA 70130
Telephone: 504-566-1311
Telecopier: 504-568-9130
Email: lindsay.calhoun@phelps.com
keiran.mccluskie@phelps.com

**COUNSEL FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 31, 2023, the above and foregoing Answer to Plaintiff's Complaint was filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the parties.

/s/ *Iwana Rademaekers*
Iwana Rademaekers