**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **GARRET HYATT,** | **CIVIL ACTION NO. 2:24-cv-1141** |
| **V.** | **JUDGE BRANDON S. LONG** |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY** | **MAGISTRATE JUDGE KAREN WELLS ROBY** |

# MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO PARTIALLY DISMISS PLAINTIFF'S FIRST SUPPLEMENTAL AND AMENDING COMPLAINT FOR DAMAGES

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant The Lincoln National Life Insurance Company ("Lincoln" or "Defendant") files this Memorandum in Support of its Motion to Partially Dismiss Plaintiff's First Supplemental and Amending Complaint for Damages.

## I.
## GROUNDS FOR THE MOTION AND STATEMENT OF THE ISSUE

In Plaintiff's First Supplemental and Amending Complaint for Damages (the "Amended Complaint"), Plaintiff seeks recovery of disability benefits from Lincoln under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq., ("ERISA") and also seeks recovery of damages under Louisiana State Law.[1] However, Plaintiff's state law causes of action are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq., ("ERISA"). Accordingly, the allegations pled in the Amended Complaint in support of

[1] *See* Amended Complaint, ¶ XVIII and WHEREFORE Paragraph.

Plaintiff's state law claims, even if taken as true,[2] are insufficient to support the relief requested by Plaintiff.

## II.
## ARGUMENT AND AUTHORITIES

### A. THE STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for failure to state a claim upon which relief can be granted.[3] A court should dismiss a claim if it finds that the facts pled do not support a claim for relief, even assuming the allegations as pled are true.[4] Furthermore, in order to avoid dismissal, a party must plead sufficient information to outline the basis of its claim.[5] Plaintiff has failed to meet this burden with regard to the state law claims he has brought against Lincoln in the Amended Complaint, and these claims must be dismissed.

Plaintiff's Amended Complaint directly refers to the disability benefits plan documents that govern the claim for disability benefits. Accordingly, a true and correct copy of Group Disability Income Policy No. GF3-890-455090-01 (the "Policy") issued by Lincoln to Plaintiff's employer, Associated Terminals, LLC is attached hereto as Exhibit A. Although Plaintiff did not attach this document to the Petition or the Amended Complaint, reference is made in the Amended Complaint to the disability benefit policy issued by Defendant.[6] Additionally,

[2] For the purposes of the Motion to Dismiss, the Court must assume the facts alleged by Plaintiff in the Amended Complaint to be true. However, Lincoln does not admit the truthfulness or accuracy of any factual allegation contained in the Amended Complaint by filing this Motion and Brief or by any statement contained therein.

[3] Fed. R. Civ. P. 12(b)(6).

[4] *E.g., Ledesma v. Dillard Dep't Stores, Inc.*, 818 F. Supp. 983, 984 (N.D. Tex. 1993).

[5] *Fernandez-Montez v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (requiring a court to take factual allegations of the complaint as true, but to disregard conclusory allegations or legal conclusions masquerading as factual conclusions); *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994) (holding that, in order to avoid dismissal for failure to state a claim, the Plaintiff must plead specific facts, not more conclusory allegations) (citation omitted).

[6] *See* Amended Complaint at ¶¶ IX, XV, and XVIII.

Plaintiff's claims are clearly predicated on the Policy allegedly issued by Defendant. It is well-established that under such circumstances, Defendant may attach this document to the Motion to Dismiss and the Court may properly consider the document in ruling on the Motion to Dismiss without conversion to summary judgment under Rule 56. *Parrino v. FHP, Inc.*, 146 F. 3d 699, 706 (9th Cir. 1998); *Deerbrook Pavilion, LLC, v. Shalala*, 235 F.3d 1100, 1102 (8th Cir. 2000); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); *see also Romani v. Shearson Lehman Hutton*, 929 F.2d 875, 879 n.3 (1st Cir. 1991); *Cortec Industries v. Sun Holding*, 949 F. 2d 42, 48 (2d Cir. 1991); *Pension Benefit Guaranty Corp. v. White Consolidated Industries*, 998 F.2d 1192, 1195 (3rd Cir. 1993), cert. denied, 510 U.S. 1042 (1994); *Weiner v. Klais and Co.*, 108 F.3d 86 (6th Cir. 1997); *Venture Assoc. Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir. 1993); *GFF Corp. v. Assoc. Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997); *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F. 3d 1364, 1369 (11th Cir. 1997). The Eastern District of Louisiana has specifically held that the district court could consider plan documents that a defendant attached to a motion to dismiss, when the plaintiff referenced the plan numerous times in the complaint and the plan documents were central to plaintiff's claims. *Norman v. Life Ins. Co. of N. Am.*, CA 16-17271 at p. 5 (E.D. La. Aug. 16, 2017) (copy attached).

### B. PLAINTIFF'S STATE LAW CAUSES OF ACTION ARE PREEMPTED BY ERISA.

As this Court is aware, the preemptive force of ERISA is so powerful that the Supreme Court has specifically held that it completely displaces any state law cause of action. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 64 (1987). This presumption of federal law applies even if ERISA provides no remedy for the claim sued upon. *Duggins v. Fluor Daniel, Inc.*, 217 F.3d 317, 318 (5th Cir. 2000); *Cannon v. Group Health Serv. of Okla., Inc.*, 77 F.3d

1270, 1274 (10th Cir. 1996). ERISA preempts all state law claims that "relate to" an ERISA plan regardless of how such claims are pled. *FMC Corp. v. Holiday*, 49 U.S. 52, 58 (1990).

Plaintiff has admitted the application of ERISA to this action and has directly asserted a claim against Lincoln under ERISA[7] for recovery of benefits. Although Plaintiff did not attach a copy of the Policy to the Petition or to the Amended Complaint, reference is made in the Amended Complaint to the disability benefit policy issued by Defendant.[8] Further, the only conduct of Lincoln about which Plaintiff complains in the Amended Complaint is Lincoln's denial of Plaintiff's disability benefits under the plan and the administration of his claim for benefits under the plan.[9] Therefore, it is clear that the Court must refer to the Policy issued to Plaintiff's employer and the relevant plan documents in assessing Plaintiff's state law claims. Thus, Plaintiff's causes of action directly "relate to" the disability plan and are preempted. *Epps v. NCNB Texas*, 7 F.3d 44, 45 (5th Cir. 1993) (ERISA preempts claims where the court must refer to the plan to determine the plaintiff's benefits).

Indeed, both the Supreme Court and the Fifth Circuit have held that ERISA preempts the state law causes of action asserted by Plaintiff. *See, e.g., Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47-48 (1987) (breach of contract and fraud causes of action preempted in disability benefits context); *Light v. Blue Cross and Blue Shield of Alabama, Inc.*, 790 F.2d 1247, 1248-49 (5th Cir. 1986) (bad faith and negligent and intentional infliction of emotional distress causes of action preempted); *Metroplex Infusion Care, Inc. v. Lone Star Container Corp.*, 855 F. Supp. 897, 900

[7] *See* Amended Complaint at ¶¶ II and VI.

[8] *See* Amended Complaint at ¶¶ IX, XV, and XVIII; Policy, Exhibit "A" to Lincoln's Motion to Dismiss (Document 7); Plaintiff's allegations in the Amended Complaint and the Policy clearly establish that the disability benefits sought by Plaintiff are sought from a benefit plan "established or maintained by an employer . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, . . ." 29 U.S.C. § 1002(1); *Memorial Hosp. Sys. V. Northbrook Life Ins. Co.*, 904 F.2d 236 (5th Cir. 1990).

[9] *See* Amended Complaint, at ¶¶ III, VI-VIII, and XI-XVII.

(N.D. Tex. 1994); *Hermann Hosp. v. MEBA Medical & Benefit Plan*, F.2d 1286, 1290 (5th Cir. 1988) (fraud and equitable estoppel claims preempted); *Ramirez v. St. Anthony Hotel*, 890 F.2d 760, 763 (5th Cir. 1989) (Texas Deceptive Trade Practices Act and Texas Insurance Code causes of action preempted); *Boren v. N.L. Industries, Inc.*, 889 F2d 1464, 1465 (5th Cir. 1989) (Deceptive Trade Practices Act causes of action preempted in disability benefits context).

Additionally, as reflected by the Amended Complaint, Plaintiff's state law causes of action are in the nature of a complaint "asserting improper processing of a claim for benefits under an ERISA-regulated plan" and this cause of action is clearly preempted by ERISA. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 55-56 (1987) ("all suits brought by beneficiaries asserting improper processing of claims under ERISA-regulated plans [will] be treated as federal questions governed by [ERISA's civil enforcement mechanisms].") ERISA regulates employee benefit plans that "through the purchase of insurance or otherwise," provide medical, surgical, or hospital care, or benefits in the event of sickness, accident, disability, or death." *Pilot Life Ins. Co.*, 481 U.S. at 44. Accordingly, Plaintiff's claims in the Amended Complaint for damages under Louisiana law are preempted by ERISA and must be dismissed.

In the Amended Complaint, Plaintiff has raised a claim under ERISA, specifically, 29 U.S.C § 1132(a)(1)(B) (Amended Complaint at Sections 1 and 2, amending Paragraphs II and VI of the Original Petition). Accordingly, Plaintiff is conceding the application of ERISA to his claims against Lincoln. However, despite Plaintiff's admission that ERISA applies to his claims, Plaintiff asserted in other pleadings before this Court that Lincoln has waived the application of ERISA. Plaintiff bases his argument on the following language in the Policy Lincoln issued to Plaintiff's employer, "This Policy is delivered in the state of Louisiana and subject to the laws of that jurisdiction." As stated above, it is well established that ERISA preempts state laws if the

state law addresses an area of exclusively federal concern, such as the right to receive benefits under the terms of an ERISA plan and the claim directly affects the relationships among traditional ERISA entities. *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 431 (5th Cir. 2004). For example, the Supreme Court has determined that California's notice prejudice rule is not preempted by ERISA. *UNUM Life Insurance Company v. Ward*, 526 U.S. 358, 364 (1999). Accordingly, for the Policy to contain a statement regarding the governing jurisdiction for those circumstances in which ERISA would not apply does not constitute any sort of waiver of ERISA preemption.

Moreover, Plaintiff's Amended Complaint does not specifically state a claim under Louisiana law, but it does state that if the Court finds that state law applies, Plaintiff "requests penalties under La. R.S. 22:1821, including attorneys' fees."[10] However, Plaintiff's allegations in the Amended Complaint are entirely related to Lincoln's processing and decisions on Plaintiff's claim for benefits from the LTD Plan sponsored by Plaintiff's employer under the Policy. Plaintiff's claim for such penalties is clearly predicated on unpaid benefits. Accordingly, the state law claim is preempted by ERISA and should be dismissed. *Gonzales v. Metro. Life Ins. Co.*, No. 20-1022, 2020 U.S. Dist. LEXIS 145804 at *7-9 (E.D. La. Aug. 13, 2020) (copy attached); *Trahan v. Metro. Life Ins.*, No. 15-2803, 2016 U.S. Dist. LEXIS 80097 at *6 (W.D. La. May 20, 2016), report and recommendation adopted, No. 15-2803, 2016 U.S. Dist. LEXIS 80086 (W.D. La. June 20, 2016) (copy attached); *Benoit v. Liberty Life Assurance Co. of Boston*, CV 17-00641, 2017 U.S. Dist. LEXIS 199477 at *3 (W.D. La. Oct. 6, 2017), report and recommendation adopted, CV 17-0641, 2017 U.S. Dist. LEXIS 198296 (W.D. La. Dec. 1, 2017) (copy attached).

[10] Amended Complaint (Document 9), Section 11, adding Paragraph XVIII to Plaintiff's pleading.

**C. COMPENSATORY, STATUTORY EXEMPLARY, AND PENALTY DAMAGES ARE NOT AVAILABLE IN THIS ACTION**

It is black-letter law that Congress did not provide for compensatory or punitive damages under ERISA. *Mertens v. Hewitt Associates*, 508 U.S. 248 (1993); *Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134 (1985); *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 944 (5th Cir. 1999); *Weir v. Federal Asset Disposition Assn.'*, 123 F.3d 281, 290 (5th Cir. 1997); *see Godfrey v. BellSouth Telecommunications*, 89 F.3d 755, 761 (11th Cir. 1996) ("a plan beneficiary can sue to enforce her rights under the plan and under ERISA, and for equitable relief, but not for punitive or compensatory damages"). As these cases establish, Plaintiff is not entitled to any form of compensatory, statutory, exemplary, penalty, or other extra-contractual monetary relief over and above the recovery of any benefits that may be due under her ERISA-controlled plan. Accordingly, the Court should strike Plaintiff's demand for any such relief, with prejudice.

## III.
## REQUEST FOR RELIEF

For the reasons and authorities discussed above, Lincoln respectfully requests the Court dismiss the state law claims in Plaintiff's Amended Complaint with prejudice, dismiss Plaintiff's request for compensatory and punitive damages, award Lincoln its attorneys' fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), and grant Lincoln any other relief to which it shows itself justly entitled.

Dated this 31st day of May 2024.

Respectfully submitted,

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

*/s/ Iwana Rademaekers*

Iwana Rademaekers (Texas State Bar No. 16452560)
Admitted *Pro Hac Vice*
17304 Preston Road, Suite 800
Dallas, Texas 75252
Telephone: (214) 579-9319
Facsimile: (469) 444-6456
Email: iwana@rademaekerslaw.com

- And -

**PHELPS DUNBAR, LLP**

*/s/ Lindsay Calhoun*
Lindsay Calhoun (Bar #35070)
Keiran S. McCluskie (Bar # 40874)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, LA 70130
Telephone: 504-566-1311
Telecopier: 504-568-9130
Email: lindsay.calhoun@phelps.com
Email: keiran.mccluskie@phelps.com

**COUNSEL FOR DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2024, the above and foregoing document was filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the parties.

/s/ *Iwana Rademaekers*
Iwana Rademaekers