**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **GARRET HYATT,** | **CIVIL ACTION NO. 2:24-cv-1141** |
| **V.** | **JUDGE BRANDON S. LONG** |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY** | **MAGISTRATE JUDGE KAREN WELLS ROBY** |

********************************************************************************

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO PARTIALLY DISMISS PLAINTIFF'S FIRST SUPPELEMENTAL AND AMENDING COMPLAINT FOR DAMAGES**

**MAY IT PLEASE THE COURT:**

## I. Introduction

Plaintiff, Garrett Hyatt, sustained severe and disabling injuries to his left shoulder, necessitating two major shoulder surgeries.[1] Defendant, Lincoln National Life Insurance Company, paid plaintiff long-term disability benefits until November 9, 2023, whereupon defendant stopped payments claiming that plaintiff had no disability and was able to work.[2] To bolster defendant's decision, the defendant hired two physicians who never examined Plaintiff[3] and instead relied on a single physical finding to conclude that Plaintiff is fully capable of returning to work. Plaintiff's treating physician, Dr. Timothy Finney, vehemently disagreed with defendant's physicians stating that:

> "Dr. Finkelstein basically outlined the entire treatment of Mr. Garret Hyatt, but failed to consider that the patient is still having ongoing problems with his left shoulder. I saw the patient on December 15, 2023, and he was still having symptoms of bursitis

---

[1] R. Doc. 11-1
[2] R Doc. 11-4
[3] The policy contemplates Plaintiff being examined by a physician chosen by defendant. See R. Doc. 7-2, p. 17 of 92.

> and impingement. He also has some osteoarthritis developing in the glenohumeral joint. It is on this basis that I still hold to my original opinion that the patient is better suited for jobs in the sedentary category with no lifting over 20 pounds and I think this is a permanent restriction."[4]

Defendant also claimed that Plaintiff is able to work as a captain- Master,Ship- which defendant states the duties of such positions include, "[c]ommands ship to transport passengers, freight, and other cargo across oceans, bays, lakes and in coastal waters." However, Plaintiff's expert in vocational rehabilitation, Dr. Aaron Wolfson, commented on defendant's suggested employment in that Plaintiff does not have the educational requirements to even secure such position. Dr. Wolfson stated as follows:[5]

> "Mr. Hyatt is unable to pass the United States Coast Guard physical exam due to restrictions provided by Dr. Finney. Mr. Hyatt does not have the educational attainment to pass the licensing examination to captain a cargo ship. Mr. Hyatt is therefore precluded from obtaining employment as a Master, Ship pilot, even though it is considered light in physical demand level according to the U.S. Department of Labor's Dictionary of Occupational Titles. As the denial letter from the Lincoln Financial Group stated, 'there are jobs within occupations that occasionally have higher or lower physical demands than the occupation, […] as it appears this is the case in this claim.'"

As previously stated, Plaintiff has presented all the above documentation to defendant. In fact, plaintiff appealed their decision to cease payment of Plaintiff's benefits on two separate occasions,[6] but the administrative process employed by the defendant rubber-stamped defendant's original decision – defendant claims Plaintiff is not disabled and is able to work.

---

[4] R. Doc. 11-5.
[5] R. Doc. 11-6.
[6] R. Doc. 11-7.

Therefore, Plaintiff has filed the instant lawsuit and first supplemental and amending petition[7] seeking (1) recovery of accrued benefits, (2) continuation of benefits, (3) penalties under 22:1821 and (4) attorney's fees. Defendant acknowledges that petitioner has a claim under ERISA; however, defendant seeks dismissal of the State law claims filed in Plaintiff's original and supplemental and amending complaint, specifically arbitrary and capricious penalties under La. R.S. 22:1821. Defendants further claim that Plaintiff is not entitled to compensatory, statutory, exemplary, penalty or other extra-contractual monetary relief. Plaintiff respectfully suggests that these penalties may be appropriate for the court to consider for reasons that follow.

## II. Law and Argument

First, Plaintiff acknowledges that the *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 53 (1987) case stands for the proposition that "[u]nder the civil enforcement provision of § 502 (a), a plan participant or beneficiary may sue to recover benefits due under the plan, to enforce participant's rights under the plan, or to clarify rights to future benefits." Plaintiff's state court petition for damages and first and supplemental and amending complaint certainly seeks those particular remedies.[8]

Second, the *Pilot Life Insurance Company* policy is not at issue in the instant case and may contain language distinct from the Lincoln National Life Insurance policy. Arguably, what defendant, Lincoln, seeks is a dismissal of state court claims when its own policy subjects it to state law claims.

[7] R. Doc. 9.
[8] Plaintiff's Petition for damages seeks the following: "Petitioner seeks as damages the past long-term disability benefits discontinued in November of 2023 through the date of trial and an order/judgment that petitioner is permanently restricted to employment that does not violate the functional restrictions placed on him by his treating physician Dr. Timothy Finney." See Paragraph X of R. Doc. 9, Plaintiffs Original Petition for Damages.

Rec. Doc. 7-2, page 2 of 92, sets out the policy number and effective date, and more importantly, includes the following language:

> "This Policy is delivered in the state of Louisiana and **subject to the laws of that jurisdiction**." (Emphasis supplied).

Again, this policy provision must be read as a layman would have read it and not as it might be analyzed by an insurance expert. *Dawson Farms v. Millers Mutual Fire Insurance Company*, 794 So. 2d 449, 952 (La. App. 2 Cir. 2001). The words "subject to" has clear and unambiguous meaning:

> Liable, subordinate, subservient, inferior, obedient to; **governed or affected by**; provided that; provided; answerable for.[9] (Emphasis supplied).

The law of Louisiana is clear that if the defendant fails to have "just and reasonable grounds" for terminating disability payments, then the insurer shall be subject "to a penalty payable to the insured of double the amount of the health and accident benefits due under the terms of the policy or contract during the periods of delay, together with attorney's fees to be determined by the court." La. R.S. 22:1821(A).

Plaintiff submits that the grounds relied on by defendant are not reasonable, but rather, capricious, in that reliance on a single physical finding, i.e., range of motion[10], to determine whether Plaintiff can return to work as a crew boat captain is preposterous. Attached for this court's review is Dr. Finney's March 11, 2024, report detailing x-rays and physical examination findings and concluding that petitioner's left shoulder is not quite "bone on bone."[11] The decision by defendant to place Plaintiff back on a ship as a crew boat captain will hasten the bone-on-bone progression, thereby potentially leading to **another** major shoulder surgery. Dr. Finney has

---

[9] Black's Law Dictionary, 5th Ed., 1979.
[10] R. Doc. 11-10, report of Dr. Richard Avioli, noting range of motion.
[11] See R. Doc. 11-11, report of Dr. Timothy Finney, March 11, 2024.

also stated that Plaintiff would be at risk for another shoulder dislocation if he has to climb ladders.[12]

**Conclusion**

The cases cited by the defendant concern other insurance policies and/or other benefit plans. The particular "policy" identified as R. Doc. 7-2, p. 2 of 92, contains unambiguous language that subjects the defendant, on its own volition, to the laws of the state of Louisiana. Arguably, this provision in the policy, which states the policy was delivered in the State of Louisiana and subject to the laws of the State of Louisiana, allows Plaintiff to make state law claims including penalty claims and all other justifiable relief. Defendants have failed to show that they did not subject themselves to the jurisdiction of the State of Louisiana as the contract clearly states. Accordingly, Plaintiff prays that the Defendant's Motion to Partially Dismiss Plaintiff's First Supplemental and Amending Complaint for Damages be **DENIED**.

Respectfully submitted,

Patrick G. Kehoe, Jr.

PATRICK G. KEHOE, JR. #14419
REBECCA KEHOE THOMPSON #37746
3524 Canal Street
New Orleans, LA 70119
Telephone #: (504) 588-1110
Facsimile #: (504) 588-1954
Email: pgkehoejr@kehoejr.com
rkehoethompson@kehoejr.com

[12] *Id.*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading was filed electronically with the Clerk of the Court using the Court's CM/ECF system and a copy sent to all counsel of record by electronic means this 14th day of June 2024.

Patrick G. Kehoe, Jr.

Patrick G. Kehoe, Jr.