**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **GARRET HYATT,** | **CIVIL ACTION NO. 2:24-cv-1141** |
| **V.** | **JUDGE BRANDON S. LONG** |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY** | **MAGISTRATE JUDGE KAREN WELLS ROBY** |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO PARTIALLY DISMISS PLAINTIFF'S FIRST SUPPLEMENTAL AND AMENDING COMPLAINT FOR DAMAGES**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant The Lincoln National Life Insurance Company ("Lincoln" or "Defendant") files this Reply in Support of its Motion to Partially Dismiss Plaintiff's First Supplemental and Amending Complaint for Damages.

**I.**
**THE CHOICE OF LAW PROVISION IN THE POLICY DID NOT OPERATE TO WAIVE ERISA PREEMPTION**

Although Plaintiff fails to cite any cases in which a Court agreed with his argument that the language in the Associated Terminals Policy ("this Policy is delivered in the state of Louisiana and subject to the laws of that jurisdiction") acted to waive preemption, numerous cases have held against that position. In analyzing identical language to that contained in the relevant Policy, the Court found that such language only impacted which State laws governed the policy "to the extent that state law is not preempted by ERISA." *Jimenez v. Sun Life Assur. Co.*, 486 Fed. Appx. 398, 406 (5th Cir. 2012) (copy attached). Moreover, this identical Policy language was found not to waive ERISA preemption, because "To find that a choice-of-law provision constitutes waiver of an ERISA preemption defense would thwart Congress's intent "to

ensure that employee benefit plans regulation would be exclusively a federal concern." *Rappa v. Sun Life Assur. Co.*, No. 10-ccv-585-wmc, 2011 U.S. Dist. Lexis 164390 at *13 (W.D. Wis. Sept. 27, 2011) (copy attached). Likewise, the First Circuit has held that language in a policy that the plan will comply with state law does not operate as a waiver of the policyholder's right to invoke ERISA preemption. *Tompkins v. United Healthcare of New Eng., Inc.*, 203 F.3d 90, 97 (1st Cir. 2000). Finally, similar language[1] was analyzed in *In Re Sears Retiree Group Life Ins. Litig.*, 90 F. Supp. 940, 951 (N.D. Ill. 2000), and the Court found that ERISA preemption cannot be waived by such language, stating, "A choice of law provision does not operate to waive the applicability of federal law regarding interpretation of an ERISA plan." Moreover, even if the plan/policyholder had intended to adopt state law to fully interpret the plan, the federal statute regarding ERISA preemption would negate that attempt. *Id.*

Accordingly, ERISA fully preempts Plaintiff's claims against Lincoln, and Lincoln's Motion should be granted.

## III.
## REQUEST FOR RELIEF

For the reasons and authorities discussed above and in its Motion, Lincoln respectfully requests the Court dismiss the state law claims in Plaintiff's Amended Complaint with prejudice, dismiss Plaintiff's request for compensatory and punitive damages, award Lincoln its attorneys' fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), and grant Lincoln any other relief to which it shows itself justly entitled.

Dated this 25th day of June 2024.

Respectfully submitted,

[1] The plan language in this case arguably presented stronger support for waiver than the language in the Associated Terminals Policy. "Any Group Policy issued upon this application will be delivered in Illinois. Such Policy will be considered an Illinois contract. The terms of such Policy will be construed in accordance with the laws of that jurisdiction."

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

*/s/ Iwana Rademaekers*
Iwana Rademaekers (Texas State Bar No. 16452560)
Admitted *Pro Hac Vice*
17304 Preston Road, Suite 800
Dallas, Texas 75252
Telephone: (214) 579-9319
Facsimile: (469) 444-6456
Email: iwana@rademaekerslaw.com

- And -

**PHELPS DUNBAR, LLP**

*/s/ Lindsay Calhoun*
Lindsay Calhoun (Bar #35070)
Keiran S. McCluskie (Bar # 40874)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, LA 70130
Telephone: 504-566-1311
Telecopier: 504-568-9130
Email: lindsay.calhoun@phelps.com
Email: keiran.mccluskie@phelps.com

**COUNSEL FOR DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2024, the above and foregoing document was filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the parties.

/s/ *Iwana Rademaekers*
Iwana Rademaekers